UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RENA YVONNE REDDING BENFORD, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos. 1:03-cv-248 / 1:98-cr-77 **-03**<br>*Edgar* |

**MEMORANDUM AND ORDER**

On October 12, 2005, Magistrate Judge Susan K. Lee filed her report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Court Doc. No. 10]. Magistrate Judge Lee recommended that the motion for post-conviction relief filed by Rena Yvonne Redding Benford ("Benford") be denied. Benford did not timely file any objections to the report and recommendation. On November 1, 2005, the Court accepted and adopted the report and recommendation and denied Benford's motion filed pursuant to 28 U.S.C. § 2255. [Court File No. 11].

When the Court entered its order on November 1, 2005, it was not aware that Benford had filed a motion on October 24, 2005, to supplement or amend her § 2255 motion. [Court Doc. No. 13]. Benford's motion to supplement was submitted in paper form and had not yet been "scanned" and electronically docketed into the record by the Clerk of Court.

The Court has reviewed Benford's motion to supplement [Court Doc. No. 13], and concludes that it does not change the Court's decision to deny Benford's motion for post-conviction relief under 28 U.S.C. § 2255. It is not necessary for the Court to modify or vacate the order entered on November 1, 2005. [Court Doc. No. 11].

Benford's motion to supplement [Court Doc. No. 13] does not assert any objections to the Magistrate Judge's report and recommendation. Benford merely seeks to raise and add an entirely new claim to her § 2255 motion based on *United States v. Booker*, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). In other words, Benford seeks to have *Booker* applied retroactively to her judgment of conviction and sentence under 28 U.S.C. § 2255.

Benford's motion to supplement her § 2255 motion is without merit and is **DENIED**. Benford's criminal case was not pending on direct review in any federal court when the Supreme Court rendered its decision on January 12, 2005, in *Booker*. It is well settled that *Booker* is not to be applied retroactively in collateral proceedings, including motions by federal prisoners for post-conviction relief under 28 U.S.C. § 2255. The holding in *Booker* applies only to cases pending on direct review at the time *Booker* was decided. *Booker*, 125 S.Ct. at 769; *United States v. Saikaly*, 424 F.3d 514 (6th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1186-88 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir.), *cert. denied*, 126 S.Ct. 288 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 2005 WL 1671557, 74 U.S.L.W. 3207 (Oct. 3, 2005); *Hill v. United States*, 2005 WL 2060804, * 6 (E.D. Tenn. July 25, 2005); *Tramble v. United States*, 2005 WL 1421618 (E.D. Tenn. June 15, 2005).

Accordingly, Benford's motion to supplement [Court Doc. No. 13] is futile, and it is **DENIED** as frivolous.

SO ORDERED.

ENTER this *14th day of November, 2005*.

                                     */s/ R. Allan Edgar*
                                     R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE